IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                             No. 3:13-cr-30095-DRH-1

**WILLIAM E. NICHOLSON,**

      **Defendant.**

## ORDER

**HERNDON, Chief Judge:**

    This matter comes before the Court for case management. On December 10, 1998, a jury in the Eastern District of North Carolina found William E. Nicholson guilty on the charge of armed robbery (Count I) and the charge of conspiracy to commit armed robbery (Count II). On March 18, 1999, the district court sentenced Nicholson to imprisonment for 175 months on Count I and 60 months on Count II to run concurrently.

    In so doing, the district court upwardly departed from the Sentencing Guidelines based on its consideration of Nicholson's criminal history. The Presentence Report ("PSR") recommended a Criminal History Category of IV with a Total Offense Level of 28. However, the district court determined that the appropriate level was a Criminal History Category of VI. The district court specifically found that the PSR's criminal history category of IV underrepresented Nicholson's criminal history.

Nicholson appealed asserting among other issues, that the district court erred in upwardly departing in its sentencing of Nicholson based on a prior conviction that was reversed and for which he was retried and acquitted. The Fourth Circuit reviewed the district court's analysis de novo and concluded that he had not challenged the criminal conduct outlined in the PSR regarding the 1981 state conviction, therefore the district court did not abuse its discretion in considering the criminal conduct. It further found, "[r]egardless, Nicholson's criminal history was so extensive that the other convictions were sufficient to warrant the upward departure." *U.S. v. Nicholson*, 213 F.3d 634 (4th Cir. 2000) (No. 99-4265) (unreported). The Supreme Court denied defendant's writ of certiorari. *Nicholson v. US*, 121 S.Ct. 250 (2000).

The Court transferred Nicholson's supervised release to this district on May 16, 2013 (Doc. 1). On October 31, 2013, the Government moved for the revocation of Nicholson's supervised release (Doc. 4). This matter came before the Court on December 17, 2013 for a hearing to address this motion. At the hearing, defendant brought before the Court an issue related to defendant's Criminal History Category and requested a continuance for time to do additional research.

In light of this new development, the Court **DIRECTS** the parties to brief the following issue on or before **January 10, 2013**. First, the parties shall address whether defendant's calculated Criminal History Category

should be a IV or a V.  The Court notes that the sentencing judge's final judgment and the associated PSR indicate an initial calculated criminal history category of IV.  However, both the defendant's own appellate brief and that of the government indicate an initial Criminal History Category of V.  *See* Appellants Br. at 24-25 & Appellee Br. at 22-23 *U.S. v. Nicholson*, 213 F.3d 634 (4th Cir. 2000) (No. 99-4265) (unreported).  Second, the parties shall address the nature of the Court's discretion to review a sentencing judge's initial Criminal History Category calculation.  The Court notes that upon review of the record, including the PSR, the initial Criminal History Category of IV may have been incorrectly calculated.  Third, the parties shall address what the appropriate criminal history category is that the Court should use in its calculation of defendant's potential revocation sentence.  Finally, the parties shall address the general discretion of this Court in imposing a revocation sentence.

Given the new briefing schedule, this matter is continued from **January 13, 2014 at 11:00am** to **January 23, 2014 at 11:00am.**

**IT IS SO ORDERED.**

Signed this 20th day of December, 2013.

Digitally signed by David R. Herndon
Date: 2013.12.20 12:54:32 -06'00'

**Chief Judge**
**United States District Court**